# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONDI VAN HORN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>TINA HORNBEAK, et al,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. CV F 08-1622 LJO DLB<br><br>**ORDER ON RECEIVER DEFENDANTS'**<br>**F.R.Civ.P. 12(b)(1) MOTION TO DISMISS** |

Defendants J. Clark Kelso, sued erroneously as Clark Kelson, and Robert Sillen, individually and in their official capacities as Receiver for the California prison medical system, move to dismiss the First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(1). In the alternative, defendants move for summary adjudication pursuant to Fed.R.Civ.P. 56. Plaintiff Dondi Van Horn filed an opposition on January 16, 2009. Defendants filed a reply on January 26, 2009. Pursuant to Local Rule 78-230(h), this matter is submitted on the pleadings without oral argument. Therefore, the hearing set for February 2, 2009 is vacated. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

/////

/////

/////

//////

**BACKGROUND**[1]

**A.   Ms. Van Horn's Pregnancy And Treatment At VSPW**

On July 31, 2007, Ms. Van Horn entered Valley State Prison for Women ("VSPW") inmate when she was 34 weeks pregnant. Plaintiff alleges that during her incarceration and pregnancy, the national standard of care provided that pregnant women should be tested between the 35th and 37th weeks of pregnancy for Group B Streptococcus, a bacterium ("GBS"). (FAC ¶¶ 18-21.) Before delivery and while incarcerated, plaintiff visited the doctors as VSPW and Madera Community Hospital at least six times, but was never tested for Group B Streptococcus. (FAC ¶ 22-40.) On August 26, 2007, at full term pregnancy, Ms. Van Horn delivered her son by cesarean section. The son's condition deteriorated rapidly, and he died in the late evening of August 27, 2007.

Plaintiff alleges the failure of VSPW and the other defendants to test her for GBS violated the standard of care, led to her son's death, and constituted deliberate indifference to a serious medical condition in violation of the Eighth Amendment. (FAC ¶ 43-52.) Her First Cause of Action under 42 U.S.C. § 1983 is against Receivers Kelso and Sillen in their individual and official capacities as Receivers of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff alleges the Receivers were "acting under the color of law in ensuring that the care and quality of medical services in California prisons meet constitutional standards," and they "adopted and effected a policy and custom of deliberate indifference to the serious medical needs of the prisoners at VSPW, including Ms. Van Horn, which was manifested in . . . [a] failure to provide adequate, standardized prenatal care and monitoring, including routine screening for vaginal GBS infection." (FAC ¶¶ 55-56.) In failing to have in place or by repeatedly failing to follow a policy mandating the testing of pregnant women for GBS in accordance with national guidelines, the Receivers exhibited deliberate indifference to the serious medical needs of Ms. Van Horn, and violated her Eighth Amendment right to access to adequate medical care. (FAC ¶¶ 48-49.)

/////

/////

---

[1] The factual recitation is derived generally from Ms. Van Horn's operative first amended complaint ("FAC").

1  Plaintiff also sues various officials at the CDCR, the doctors who provided medical care, and the hospital where she gave birth. These defendants and the claims against them are not the subject of the current motion.

### B. Medical Care Receivership Order Appointing Receiver

In *Plata v. Schwarzenegger*, N.D. Cal. Case No. CV 01-1351, Judge Henderson, U.S. District Judge for the Northern District of California, established a receivership to manage provision of medical care to California inmates. In his February 14, 2006 order appointing a receiver ("OAR order"), Judge Henderson appointed Receiver Sillen to "provide leadership and executive management of the California prison medical health care delivery system with the goals of restructuring day-to-day operations and developing, implementing, and validating a new, sustainable system that provides constitutionally adequate medical care" to inmates. (Doc. 44, Exh. 1.) The OAR empowered the Receiver "to control, oversee, supervise, and direct all administrative, personnel, financial, accounting, contractual, legal, and other operational functions of the medical delivery component of CDC." The OAR granted the Receiver "power to hire, fire, suspend, promote, transfer, discipline, and take all other personnel actions regarding CDC employees or contract employees who perform services related to the delivery of medical care" to inmates. The OAR further granted the Receiver "all powers vested by law in the Secretary of the CDC as they relate to the administration, control, management, operation, and financing of the California prison medical health care system." To that end, the OAR "suspended" for the receivership's duration, the CDC Secretary's "exercise of the above powers." Judge Henderson supplemented this responsibility by explicitly providing that, in deployment of the aforementioned duties and directives, "the Receiver and his staff shall have the status of officers and agents of this Court, and as such shall be vested with the same immunities as vest with this Court." (Doc. 44, Exh. 1, OAR at 6.) Thus, the OAR vested in the Receiver the duties to advance the provision of medical care of prisoners to constitutional levels.

By order dated January 23, 2008, Judge Henderson appointed Receiver Kelso to replace Sillen and conferred upon Receiver Kelso the rights and obligations set forth in the OAR.

/////

/////

**ANALYSIS AND DISCUSSION**

**A.     Rule 12(b)(1)**

A party may challenge the court's jurisdiction over the subject matter of the complaint under Fed.R.Civ.P. 12(b)(1). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack jurisdiction either "facially" or "factually." *Thornhill Publishing Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)

Defendants contend plaintiff's complaint should be dismissed under F.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Fundamentally, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994). The presumption is that federal courts are "without jurisdiction unless the contrary affirmatively appears." *Fifty Associates v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1190 (9th Cir. 1970). Limits on federal jurisdiction must neither be disregarded nor evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978).

A plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396. This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over an action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780 (1936); F.R.Civ.P. 8(a)(1). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading. *Thornhill Publishing Co.,* 594 F.2d at 733; *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977); *Cervantez v. Sullivan*, 719 F.Supp. 899, 903 (E.D. Cal. 1989), *rev'd on other grounds*, 963 F.2d 229 (9th Cir. 1992). A motion to dismiss for want of subject matter jurisdiction may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conely v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *Sherman v. Yakahi*, 549 F.2d 1287 (9th Cir. 1977).

A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings. *Mortensen*, 549 F.2d at 891. In such a case, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.),

1 *cert. denied*, 493 U.S. 993, 110 S.Ct. 541 (1989).

2 With these standards in mind, this Court turns to the defendants' challenges to the claims against
3 them.

4 **B.     The *Barton* Rule**

5 The Defendant Receivers contend that the Court lacks subject matter jurisdiction under the
6 *Barton* Rule as established by *Barton v. Barbour*, 104 U.S. 126, 26 L.Ed. 672 (1881).  The Defendant
7 Receivers move to dismiss because the action should be brought before Judge Henderson, as the
8 appointing court, or leave to sue should be asked of Judge Henderson.

9 In *Barton*, the United States Supreme Court held that federal common law bars suits against
10 receivers in courts other than the court charged with the administration of the estate. *Barton v. Barbour*,
11 104 U.S. 126, 127, 26 L.Ed. 672 (1881)."[A] party must first obtain leave of the [appointing] court
12 before it initiates an action in another forum" against a receiver. *Beck v. Fort James Corp. (In re Crown*
13 *Vantage, Inc.)*, 421 F.3d 963, 970 (9th Cir. 2005) (citing *Muratore v. Darr*, 375 F.3d 140, 147 (1st Cir.
14 2004). This doctrine, known as the *Barton* Rule, ensures that the appointing court maintains appropriate
15 control over the administration that is the subject of the receivership. *In re DeLorean*, 991 F.2d 1236,
16 1240 (6th Cir.1993). When presented with a party that has failed to secure the appointing court's consent,
17 the nonappointing court lacks subject matter jurisdiction and must dismiss the action. *See In re Kashani*,
18 190 B.R. 875, 884 (B.A.P. 9th Cir.1995) ("[N]onappointing court may not entertain suits against the
19 [receiver] for acts done in the [receiver's] official capacity without leave from the appointing court
20 because the other court lacks subject matter jurisdiction.").

21 Here, plaintiff has brought suit against the Receivers for alleged wrongful conduct within the
22 scope of the receivership.  Thus, the action falls within the *Barton* Rule.

23 Plaintiff contends, however, that this Court has subject matter jurisdiction to hear Ms. Van
24 Horn's claims under a statutory exception to the *Barton* Rule, pursuant to 28 U.S.C. § 959(a).

25 28 U.S.C. §959(a) provides:

26 (a) Trustees, receivers or managers of any property, including debtors in
possession, may be sued, without leave of the court appointing them, with
27 respect to any of their acts or transactions <u>in carrying on business
connected with such property</u>. Such actions shall be subject to the general
28 equity power of such court so far as the same may be necessary to the

> ends of justice, but this shall not deprive a litigant of his right to trial by jury. (Emphasis added.)

Plaintiff argues that she may sue without leave for the torts inflicted in the normal course of business operations held in receivership. Plaintiff argues that the Defendant Receivers are "in the business" of providing medical care and the Receivers took over this business in addition to performing their administrative and executive leadership roles under the OAR. Plaintiff argues torts inflicted by Receivers in the course of carrying on the business of the CDCR medical system are subject to suit under 28 U.S.C. § 959(a). Plaintiff distinguishes the "systemic administrative and executive management responsibilities" charged under the OAR with "adequate medical care as part of the Recievers' day-to-day duties. In carrying out the business of the prison health care system." (Doc. 50, Opposition p.6.)

The statutory exception in 28 U.S.C. § 959(a) is a limited exception. The exception in 28 U.S.C. §959(a) has been applied where traditional torts or breach of contracts have occurred. In *Valdes v. Feliciano*, 267 F.2d 91, 94-95 (1st Cir.1959), Section 959(a) applied where a trustee continued the business of a debtor in operating a railroad, and the trustee had been sued in his representative capacity for damages for use of another's tracks. In *Thompson v. Texas M.R. Co.*, 328 U.S. 134 (1946), the court applied the predecessor to section 959(a)), in a case for wrongful death and injury resulting to a member of the public in a grade crossing accident. The cases relied upon by plaintiff in fact deal with routine measures in operation of the business for which the Receiver was appointed. *In re Crown Vantage, Inc.*, 421 F.3d 963, 972 (9th Cir. 2005), the court noted that the exception to the Barton Rule applies "only if the trustee or other officer is actually operating the business, and only to acts or transactions in conducting the debtor's business in the ordinary sense of the words or in pursuing that business as an operating enterprise." *Id.; See Diners Club v. Bumb*, 421 F. 2d 396 (9th Cir. 1970) (the appointing court may enjoin an action against the Receiver in another court by a nonparty against the entity in receivership.)

Plaintiff's claims are not traditional tort claims, based on such things as negligence or medical malpractice. Plaintiff alleges that she has been constitutionally deprived of medical care in deliberate indifference to her constitutional rights. Judge Henderson appointed the Receivers to address corrective action which is now the subject of plaintiff's suit. Plaintiff's causes of action

against the Receivers do not arise from tortious conduct or negligent acts pursuant to ordinary business operations unrelated to the Receivers' official responsibilities. Rather, plaintiff challenges the Receivers' authority and administration of the CDCR medical services system. Judge Henderson expressly created the receivership to rectify the constitutional insufficient policies and procedures which are the heart of plaintiff's allegations. Section 959(a) "is intended to 'permit actions redressing torts committed in furtherance of the debtor's business, such as the common situation of a negligence claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store.' " *Carter v. Rodgers*, 220 F.3d 1249, 1254 (11th Cir. 2000). This lawsuit challenges the Receivers' conduct in performing the very duties Judge Henderson created the receivership to accomplish. Thus, this Court lacks subject matter jurisdiction.

The Sacramento Division of this Court similarly held in a suit against these same Receivers. *See Medical Development Intern. v. California Dept. of Corrections and Rehabilitation*, 2008 WL 436930, 4 (E.D.Cal. 2008). In *Medical Development Intern.*, an administrator of specialty medical services at two correctional facilities, sued the Receiver in the Eastern District, Sacramento Division, for terminating its relationship for the provision of services. The Receiver moved to dismiss for lack of subject matter jurisdiction on the grounds that permission had not been sought from Judge Henderson to pursue the action against the receiver. Judge Shubb considered the *Barton* Rule and the exception to the *Barton* rule. Judge Shubb ruled that: "Unlike the cases where leave was not required, plaintiff's causes of action against Sillen do not arise from tortious conduct or negligent acts pursuant to day-to-day, routine, or ordinary business operations unrelated to his official responsibilities. Rather, plaintiff challenges the very core of Sillen's authority and administration of the CDCR medical services system-i.e., duties explicitly prescribed in Judge Henderson's creation of the receivership." *Medical Development Intern.*, 2008 WL 436930, at 3. As Judge Shubb noted: "[T]he importance of this matter cannot be separated from its critical backdrop. Unlike typical receiverships or trusts employed in bankruptcy courts, this is a receivership over a public entity involving matters of constitutional significance." *Id.*

Plaintiff cites to *In re Estevez*, 83 Cal.Rptr.3d 479, 492 (2008) for the proposition that an Eighth Amendment challenge alleging deliberate indifference to inmate medical needs may proceed

without Judge Henderson's leave.  In *Estevez,* the California Fifth District Court of Appeal held "that the appointment of the Receiver did not divest California courts of their constitutional jurisdiction over matters raised through habeas corpus, and that the Receiver is subject to that jurisdiction."  In *Estevez*, an inmate filed petition for writ of habeas corpus, alleging that he was receiving inadequate medical care.  The court noted the right to petition for a writ of habeas corpus is guaranteed by the state Constitution and has been interpreted so as to protect an inmate's conditions of confinement, unlike federal habeas corpus.  *Id.* at 491.  The court ruled that this state constitutionally given jurisdiction over habeas corpus was not suspended by Judge Henderson: "Absent a specific and explicit order by the federal district court that suspends state constitutional habeas authority as being inconsistent with the appropriate protection of the constitutional and statutory rights of inmates, we know of no authority by which a federal judge-much less a receiver-can suspend the powers of this court." *Id.*  Thus, the court held it had jurisdiction to determine habeas relief.

     In addition, in *Estevez*, the Receiver did not challenge whether habeas corpus must be first be authorized by Judge Henderson.  "The Receiver recognized, however, 28 United States Code section 959(a), which provides an exception 'with respect to any of [a receiver's] acts or transactions in carrying on business connected with' the property under receivership, appears to permit the litigation in state courts of medical habeas corpus cases without permission of Judge Henderson."  *In re Estevez*, 83 Cal.Rptr.3d at 492.  Thus, the unique character of the habeas corpus petition, coupled with the Receiver's acknowledgment, resulted in the court in *Estevez* finding it had subject matter jurisdiction.

     Here, plaintiff does not seek habeas corpus relief.  Rather, she seeks monetary damages from the Receivers for performance of their official duties as appointed by Judge Henderson.  Plaintiff also seeks monetary damages against the Receivers in their individual capacities for engaging in the exact same conduct as in their official capacities. Thus, *Estevez* is not persuasive.

     Further, as plaintiff seeks personal liability against each of the Receivers for their actions, Judge Henderson is the best judicial oversight for these claims. "[T]he court that appointed the trustee has a strong interest in protecting him from unjustified personal liability for acts taken within

the scope of his official duties." *In re Lehal Realty Associates*, 101 F.3d 272, 276 (2nd Cir. 1996).[2]

## CONCLUSION

Accordingly, because plaintiff did not obtain leave from the appointing court before initiating this action, the Court GRANTS defendants' motion to dismiss for lack of subject matter jurisdiction. IT IS SO ORDERED.

**Dated:   January 28, 2009**                      **/s/ Lawrence J. O'Neill**
                                                                  UNITED STATES DISTRICT JUDGE

---

[2] Given the Court's ruling that it lacks jurisdiction, it is unnecessary to address defendants' remaining arguments.