# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONDI VAN HORN, | 1:08cv1622 LJO DLB |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT |
| | (Document 80) |
| v. | |
| TINA HORNBEAK, et al., | |
| Defendants. | |

Plaintiff Dondi Van Horn ("Plaintiff") filed the instant Motion to File a Second Amended Complaint on May 12, 2009. The motion was heard on June 12, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Jesse Goodman appeared on behalf of Plaintiff. Mario Beltramo appeared on behalf of Defendants.

**BACKGROUND**

Plaintiff filed this civil rights action on October 24, 2008. She filed a First Amended Complaint ("FAC") on December 11, 2008, alleging deliberate indifference to a serious medical need in violation of 42 U.S.C. section 1983, as well as state law causes of action. Plaintiff names Tina Hornbeak, Warden of Valley State Prison for Women ("VSP"), James Tilton, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), Robin Dezember, Chief Deputy Secretary of CDCR, Jeff Thompson, Director of CDCR, Robert Sillen, former California Health Care System Receiver, Clark Kelson, acting California Health Care System Receiver, Dr.

1

Virk, Chief Medical Officer VSP, James Heinrich, physician at VSP, Madera Community Hospital and its physicians, Tina Dhillon, M.D., and Naeem Siddiqi, M.D., as Defendants.

      Plaintiff's allegations arise from treatment she received while an inmate at VSP. According to the FAC, Plaintiff was 34 weeks pregnant when she arrived at VSP on July 31, 2007. Dr. Heinrich was the primary VSP physician responsible for her care. In August 2007, Plaintiff was treated by Dr. Heinrich and MCH staff a total of six times for matters related to her pregnancy and a fall. On August 26, 2007, at 38 to 39 weeks pregnant, Plaintiff delivered her son by cesarean section at MCH. Shortly before her water broke, MCH physician Dr. Dhillon asked Plaintiff if she knew the results of her Group B Streptococcus ("GBS") test. Plaintiff told Dr. Dhillon that she did not know if she had been tested. MCH contacted VSP to obtain a copy of her most recent ultrasound and GBS test results, but the records could not be located. Plaintiff did not receive antibiotics during delivery.

      Immediately after birth, Plaintiff's son was considered "vigorous" and had an Apgar score of 9. However, his condition deteriorated rapidly and he died the next day, August 27, 2007. The cause of death was a perinatal GBS infection.

      Plaintiff alleges that during her treatment at VSP, she was not tested for GBS despite numerous opportunities to do so. She further alleges that MCH failed to perform a GBS test and failed to treat Plaintiff for a possible infection during delivery.

      After rulings on subsequent motions to dismiss, the following causes of action remain:

    1. Deliberate Indifference pursuant to 42 U.S.C. section 1983- CDCR Defendants

    2. Deliberate Indifference pursuant to 42 U.S.C. section 1983- VSP Defendants

    3. Professional Negligence- Dr. Heinrich

    4. Professional Negligence- MCH, Dr. Dhillon and Dr. Siddiqi

    5. Wrongful Death- Dr. Heinrich

    6. Wrongful Death- MCH, Dr. Dhillon and Dr. Siddiqi

      Plaintiff filed the instant Motion to Amend on May 12, 2009, and seeks to add a cause of action against MCH for deliberate indifference pursuant to 42 U.S.C. section 1983.

1  MCH opposed the motion on May 26, 2009.  Plaintiff filed her reply on June 5, 2009.

2  The remaining Defendants did not respond to the motion.

## DISCUSSION

A. <u>Legal Standard</u>

Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

<u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment.  <u>Loehr v. Ventura County Cmty. Coll. Dist.</u>, 743 F.2d 1310, 1319 (9th Cir. 1984).  Granting or denial of leave to amend rests in the sound discretion of the trial court.  <u>Swanson v. United States Forest Serv.</u>, 87 F.3d 339, 343 (9th Cir. 1996).  Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.  <u>Saul v. United States</u>, 928 F.2d 829, 843 (9th Cir. 1991).

B. <u>Analysis</u>

Plaintiff seeks to add a section 1983 claim against MCH based on discovery of MCH's contract with CDCR.  Plaintiff explains that this "Master Agreement," through which MCH contracts with CDCR for the provision of medical care to California prisoners, renders MCH a state actor for purposes of section 1983.  For example, in the Master Agreement, MCH agrees "to acknowledge and adhere to the CDCR medical policies and procedures" and comply with the standards of care established by the State.  MCH also agrees to maintain all CDCR security measures and house inmate patients in an agreed-upon area of the hospital.  Exh. 1, attached to Declaration of Jesse R. Goodman.

There does not appear to be any dispute that MCH is a state actor under these facts, nor does there appear to be any argument relating to undue delay, bad faith or prejudice.  Rather, MCH argues against the amendment solely on the grounds of futility.

1   Specifically, MCH contends that the proposed Second Amended Complaint ("SAC")
2   does not set forth sufficient facts to demonstrate that MCH acted with deliberate indifference.
3   The second amended complaint alleges that MCH "failed to have in place and/or follow a policy
4   mandating the testing of pregnant women for GBS, failed to test Ms. Van Horn for GBS, failed
5   to provide Ms. Van Horn or her baby with prophylactic antibiotics, and exhibited substantial
6   indifference to Ms. Van Horn's serious medical needs."  SAC, ¶ 51.

7   Although MCH may disagree with the result, this Court has already ruled that similar
8   allegations are sufficient to state a claim against the Prison Defendants.  In its February 19, 2009,
9   order granting in part and denying in part the Prison Defendants' motion to dismiss, the Court
10  found:

> At this point, this Court is not called upon to determine the merits of the absence of GBS testing.  The FAC alleges that GBS testing is a national standard to address a serious medical need.  In turn, a policy not to address a serious medical need constitutes a constitutional deprivation.  The FAC adequately alleges that Warden Hornbeak and Dr. Virk implemented a policy to repudiate constitutional rights to permit survival of the deliberate indifference claim against them.

Therefore, based on the law previously established in this case, the allegations in the SAC are sufficient to state a claim at this stage of the proceeding.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to File a Second Amended Complaint is GRANTED.  Plaintiff SHALL file a Second Amended Complaint within fifteen (15) days of the date of service of this order.  Plaintiff's Second Amended Complaint SHALL include only the causes of action that have not been previously dismissed.[1]  MCH SHALL file an answer to the second amended complaint within twenty (20) days of the date of filing.

IT IS SO ORDERED.

Dated:  **June 17, 2009**        **/s/ Dennis L. Beck**
                                 UNITED STATES MAGISTRATE JUDGE

---

[1] Contrary to Plaintiff's belief, causes of action dismissed with prejudice are preserved for appeal even if they are not pled in a subsequently amended complaint.