# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONDI VAN HORN, | ) 1:08cv1622 LJO DLB |
| | ) |
| | ) ORDER GRANTING PLAINTIFF'S |
| | ) MOTION TO COMPEL |
| Plaintiff, | ) |
| | ) (Document 96) |
| v. | ) |
| | ) |
| TINA HORNBEAK, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

Plaintiff Dondi Van Horn ("Plaintiff") filed the instant motion to compel on July 10, 2009. The motion was heard on July 31, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Brandon Almond appeared on behalf of Plaintiff. Daniel Wainwright appeared on behalf of Defendant Madera Community Hospital ("MCH"). Christopher Bell appeared on behalf of Defendant Naeem Siddiqi, M.D., and Travis Stokes appeared on behalf of Defendant Tina Dhillon, M.D.

## **BACKGROUND**

Plaintiff filed this civil rights action on October 24, 2008. On June 25, 2009, she filed a Second Amended Complaint ("SAC") alleging deliberate indifference to a serious medical need in violation of 42 U.S.C. § 1983, as well as state law causes of action. Plaintiff names Tina Hornbeak, Warden of Valley State Prison for Women ("VSPW"), James Tilton, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), Robin Dezember, Chief

1

Deputy Secretary of CDCR, Jeff Thompson, Director of CDCR, Dr. Virk, Chief Medical Officer VSPW, James Heinrich, physician at VSPW, Madera Community Hospital ("MCH") and its physicians, Tina Dhillon, M.D., and Naeem Siddiqi, M.D., as Defendants.

Plaintiff's allegations arise from treatment she received while an inmate at VSPW. The treatment she complains of occurred at both VSPW and MCH, a private hospital that contracted with CDCR to treat inmate patients. Plaintiff alleges that this agreement required MCH to comply with CDCR medical policies, practices and procedures.

According to the SAC, Plaintiff was 34 weeks pregnant when she arrived at VSPW on July 31, 2007. Dr. Heinrich was the primary VSPW physician responsible for her prenatal care. In August 2007, Plaintiff was treated by Dr. Heinrich and MCH staff a total of six times for matters related to her pregnancy and a fall. On August 27, 2007, at 38 to 39 weeks pregnant, Plaintiff delivered her son by cesarean section at MCH. Shortly before her water broke, MCH physician Dr. Dhillon asked Plaintiff if she knew the results of her Group B Streptococcus ("GBS") test.[1] Plaintiff told Dr. Dhillon that she did not know if she had been tested. MCH contacted VSPW to obtain a copy of her most recent ultrasound and GBS test results, but the records could not be located. Plaintiff did not receive antibiotics during delivery.

Immediately after birth, Plaintiff's son was considered "vigorous" and had an Apgar score of 9. However, his condition deteriorated rapidly and he died the next day, August 27, 2007. The cause of death was a perinatal GBS infection.

Plaintiff alleges that during her treatment at VSPW, she was not tested for GBS despite numerous opportunities to do so. She further alleges that MCH failed to perform a GBS test and failed to treat Plaintiff for a possible infection during delivery. She alleges that consistent with CDCR's failure to have in place and/or failure to follow a policy mandating the testing of pregnant women for GBS, MCH also failed in this regard.

---

[1] Plaintiff explains that GBS bacteria, if passed to a baby during delivery, can cause serious long term health problems and, in many cases, death. Both the Center for Disease Control and the American College of Obstetricians and Gynecologists passed guidelines to address the dangers of GBS in newborns. The guidelines recommend that pregnant women be tested for GBS during the 35th to 37th weeks of pregnancy. Antibiotics given to the mother during delivery significantly reduce the risk of passing GBS to the newborn.

Based on these facts, Plaintiff alleges the following causes of action:

1. Deliberate Indifference pursuant to 42 U.S.C. section 1983 - CDCR Defendants

2. Deliberate Indifference pursuant to 42 U.S.C. section 1983 - VSPW Defendants

3  Professional Negligence - Dr. Heinrich

4. Professional Negligence - MCH, Dr. Dhillon and Dr. Siddiqi

5. Wrongful Death - Dr. Heinrich

6. Wrongful Death - MCH, Dr. Dhillon and Dr. Siddiqi

7. Deliberate Indifference pursuant to 42 U.S.C. § 1983 - MCH

On July 10, 2009, Plaintiff filed the instant motion to compel MCH to provide responsive documents to her Request for Production of Documents.  The parties filed their joint statement on July 28, 2009.

**DISCUSSION**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.... The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

In federal question cases such as this, privileges asserted in response to discovery requests are determined under federal law, not the law of the forum state.  Fed.R.Evid. 501; United States v. Zolin, 491 U.S. 554, 562 (1989).

A.Request Numbers 12, 13, 14, 15, 16 and 19

These requests seek disciplinary investigations or actions taken against Dr. Siddiqi and Dr. Dhillon, complaints of grievances filed against them, their reviews and performance evaluations, prior litigation against these doctors, and prior litigation against MCH related to obstetrics or neonatal services, treatments or diagnoses.

As an initial matter, the parties indicated at the hearing that they have agreed to limit Numbers 12, 13 and 14 to investigations, etc., from 2004 through August 27, 2007.  Similarly,

the parties have agreed to limit Numbers 15 and 16 to prior litigation from 2000 through August 27, 2007.

Defendants MCH, Dr. Siddiqi and Dr. Dhillon object to these requests mainly by attempting to characterize this action, at its core, as a straight medical malpractice action and thus arguing that the requested documents are not relevant. As Defendants know, however, this action involves Eighth Amendment claims under 42 U.S.C. § 1983 of deliberate indifference to serious medical needs against both the State Defendants and MCH, as a State actor. Although Defendants attempt to narrow the legal claims, this action goes beyond a medical malpractice case where only the standard of care is relevant.

Given the Eighth Amendment legal claims at issue, the requested documents are relevant to Plaintiff's attempt to demonstrate deliberate indifference. Plaintiff alleges, in part, that MCH either failed to have an effective GBS-testing policy in place and/or failed to enforce the policy. Documents relating to disciplinary investigations, etc., against Dr. Dhillon and/or Dr. Siddiqi may show whether (1) MCH was on notice of any instances of non-compliance by Dr. Dhillon and/or Dr. Siddiqi; and (2) whether MCH took any actions to enforce the policies at issue. Certainly, if MCH was aware of prior violations of prenatal testing policies by either doctor and failed to take any corrective action, such evidence would be relevant to a deliberate indifference analysis.

Therefore, the Court GRANTS Plaintiff's motion to compel responses to Request Numbers 12, 13, 14, 15, 16 and 19. The requests SHALL BE LIMITED, however, to (1) the time frames referenced above[2]; and (2) complaints, grievances, disciplinary investigations and actions, and litigation related to breaches of policies and/or procedures for prenatal care, including prenatal testing. "Prenatal" shall be defined as the period occurring or existing before birth.

---

[2] Although the parties did not specify an agreement as to the time frame in Number 19, the Court finds that the request should be limited to reviews and performances evaluations from 2004 through August 27, 2007.

B.  <u>Request Numbers 17</u>

Request Number 17 requests documents relating to Dr. Dhillon's or Dr. Siddiqi's training in "obstetrics, neonatology, or GBS."  For the reasons discussed above, the requested documents are relevant to Plaintiff's section 1983 claim.  Therefore, the Court GRANTS Plaintiff's motion to compel a response to Request Number 17, but LIMITS the request to training, etc. for the last 10 years.

IT IS SO ORDERED.

Dated:   **August 7, 2009**              **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE