# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONDI VAN HORN, | ) | 1:08cv1622 LJO DLB |
| | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S MOTION |
| | ) | TO MODIFY SCHEDULING ORDER |
| Plaintiff, | ) | (Document 115) |
| | ) | |
| v. | ) | |
| | ) | |
| TINA HORNBEAK, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Dondi Van Horn ("Plaintiff") filed the instant Motion to Modify the Scheduling Order on August 28, 2009. The motion was heard on October 9, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Geoffrey Painter appeared on behalf of Plaintiff. Diana Esquivel appeared on behalf of Defendants Tina Hornbeak, James Tilton, Robin Dezember, Jeff Thompson, Pal Virk, M.D., and James Henrich, M.D. ("CDCR Defendants"). Christopher Bell appeared on behalf of Defendant Naeem Siddiqi, M.D. Travis Stokes appeared on behalf of Defendant Tina Dhillon, M.D., and Daniel Wainwright appeared on behalf of Defendant Madera Community Hospital ("MCH").

## BACKGROUND

On September 10, 2009, the Court granted the parties' stipulation to extend the fact discovery deadline from September 30, 2009, to November 13, 2009. Although MCH signed the

1

1  stipulation, it agreed to extend discovery only to the extent the Court ordered further depositions
2  pursuant to Plaintiff's last motion to compel.

3  Plaintiff filed this Motion to Modify the Scheduling Order on August 28, 2009, and moves
4  to extend the discovery deadline to November 13, 2009, for any discovery. MCH filed its
5  opposition on September 24, 2009, and Plaintiff filed her reply on October 2, 2009.

6  On September 24, 2009, the Court granted Plaintiff's motion to compel in part and
7  allowed her to further depose MCH witnesses Nurse Aldrich, Lisa Essex and Mark Foote.

## DISCUSSION

Rule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control and expedite pretrial discovery through a scheduling order and states that a schedule shall not be modified except upon a showing of good cause. In this context, "good cause" has been linked with the diligence of the party requesting the modification. See Zivkovic v. Southern California Edison Co., 302 F.3d. 1080, 1087-1088 (9th Cir. 2002); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992).

In support of her motion, Plaintiff argues that good cause exists based on (1) the unavailability of CDCR's counsel for depositions until October; (2) Dr. Dhillon's recent health issues that required postponing her deposition from August to a date not yet determined; and (3) the Court's continuance of her motion to file a third amended complaint.

The Court finds that good cause exists to permit the requested extension of the fact discovery deadline. Despite MCH's claims to the contrary, the Court finds that the short extension to permit focused discovery will not result in prejudice to any party.

Accordingly, Plaintiff's motion is GRANTED and the fact discovery deadline is extended to November 13, 2009. The remaining dates set forth in the parties' September 10, 2009, stipulated scheduling order will not change.

1  As discussed at the hearing, the parties SHALL meet and confer no later than October 16,
2 2009, and compose a list of the additional discovery and a mutually agreeable schedule.
3  *IT IS SO ORDERED.*
4  *Dated:    **October 14, 2009***                    */s/ Dennis L. Beck*
                                                  *UNITED STATES MAGISTRATE JUDGE*