# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONDI VAN HORN, | ) 1:08cv1622 LJO DLB |
| | ) |
| Plaintiff, | ) ORDER GRANTING IN PART AND ) DENYING IN PART PLAINTIFF'S ) MOTION TO COMPEL |
| v. | ) |
| TINA HORNBEAK, et al., | ) (Document 138) |
| | ) |
| Defendants. | ) |

Plaintiff Dondi Van Horn ("Plaintiff") filed the instant motion to compel further production of documents on September 17, 2009. The motion was heard on October 30, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Kelly Finley appeared on behalf of Plaintiff. Diana Esquivel appeared on behalf of Defendants Tina Hornbeak, James Tilton, Robin Dezember, Jeff Thompson, Pal Virk, M.D., and James Heinrich, M.D. ("CDCR Defendants"). Travis Stokes appeared on behalf of Defendant Tina Dhillon, M.D., and Daniel Wainwright appeared on behalf of Defendant Madera Community Hospital ("MCH").

## **BACKGROUND**

The parties and the Court are familiar with the facts underlying this action. In the instant discovery dispute, Plaintiff seeks to compel further production of documents requested pursuant to a June 2009 subpoena served on CDCR Secretary Matthew Cate.

**DISCUSSION**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.... The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

A.   Request Number 3- Documents Relating to Testing of Inmates

Although additional requests were originally included in the category of requests where scope was an issue, the parties agreed at the hearing that only Number 3 remained contested. Request Number 3 seeks documents relating to testing of inmates for GBS, reports of failures to test for GBS and reports of incidents of GBS infection.

CDCR Defendants object to this request mainly because it is overbroad and because information regarding testing of pregnant inmates is not readily available.  They agree that information relating to the failures to test pregnant inmates for GBS is relevant, but continue to question the relevancy of reports of inmates who were tested and reports of incidents of GBS infection.

Nevertheless, CDCR Defendants have agreed to find out whether Dr. Heinrich kept track of the patients he treated, separate and apart from the inmates' medical records.  Such information will assist the parties in determining how to narrow the scope of the request.  Plaintiff has also indicated that she is willing to discuss the time frame of the request once they documents are reviewed.  Therefore, the motion to compel production for Request Number 3 is DENIED AS MOOT.

B.   Request Numbers 8, 10, 12, 13 and 14- Plata Documents/High Risk Patient Definition

Plaintiff seeks documents relating to the Plata proceedings in an effort to discover whether there was a definition of "high risk" as applied to pregnant inmates.  Plaintiff believes that such discovery may be relevant to show that the policies are deficient as to "high risk" patients.

Whether there is a definition of "high risk," however, does not impact the ultimate issue in this action - whether the policy regarding pregnant inmate care is constitutionally adequate.

2

Moreover, CDCR Defendants have produced the specific policy that was in effect in August 2007 and have agreed to produce a newer version, if one exists.

Accordingly, Plaintiff's motion to compel production of additional documents for Numbers 8, 10, 12, 13 and 14 is DENIED.[1]

C.      Documents Relating to Dr. Virk - Request Numbers 25, 27, 28 and 29

Plaintiff requests documents relating to Dr. Virk, including those related to his employment history, personnel file, peer reviews, disciplinary and/or criminal proceedings, and litigation, if any. Plaintiff believes that these documents are relevant as to Dr. Virk's abilities to supervise Dr. Heinrich. Plaintiff also explains that she does not know how much medical training and/or information Dr. Heinrich received from Dr. Virk.

There is a distinction between documents relating to Dr. Virk's performance as a medical doctor and his performance as a supervisor, and the former does not impact the latter. Dr. Virk's medical performance, other than his direct involvement in Plaintiff's care, is not relevant to whether he performed his supervisorial duties adequately. Indeed, Dr. Virk testified at his deposition that he did not supervise the *clinical* aspect of Dr. Heinrich's duties because he was not an obstetrician/gynecologist.

Therefore, to the extent Numbers 25, 27, 28 and 29 seek information unrelated to Dr. Virk's supervisorial duties and his direct involvement in Plaintiff's care and treatment, Plaintiff's motion to compel is DENIED. The motion is GRANTED insofar as responsive documents involve Dr. Virk in his capacity as a supervisor and a treating physician of Plaintiff.[2]

D.      Remaining Issues

Of the remaining disputes raised by Plaintiff, it appears that only Request Number 17 remains at issue. At the hearing, Plaintiff indicated that she agreed to limit the request to

---

[1] Defendants indicate that a supplemental production of documents on October 20, 2009, responded to Numbers 10 and 13.

[2] Responsive documents include those relating to any discussion or review of Plaintiff's treatment and any related treatment advice.

3

obstetrics/gynecology.  The motion to compel as to the remaining requests (Numbers 3, 5, 7, 10-13, 17, 19 and 31) is therefore DENIED AS MOOT.

## **ORDER**

Pursuant to the above, Plaintiff's motion to compel is GRANTED IN PART AND DENIED IN PART.  CDCR Defendants SHALL produce responsive documents within twenty (20) days of the date of service of this order.


IT IS SO ORDERED.

Dated: **November 2, 2009**           /s/ Dennis L. Beck
                              UNITED STATES MAGISTRATE JUDGE