# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONDI VAN HORN,<br><br>Plaintiff,<br><br>v.<br><br>TINA HORNBEAK, et al.,<br><br>Defendants. | 1:08cv1622 LJO DLB<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO STRIKE EXPERT REPORT<br><br>(Document 239) |

Plaintiff Dondi Van Horn ("Plaintiff") filed the instant motion to strike the expert report of Defendant Tina Dhillon, M.D., on February 10, 2010. The motion was heard on March 12, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. Jesse Goodman and E. Daniel Robinson appeared on behalf of Plaintiff. Richard Salinas appeared on behalf of Defendant Tina Dhillon, M.D. ("Dr. Dhillon"). Diana Esquivel appeared on behalf of Defendants Tina Hornbeak, James E. Tilton, Robin Dezember, Pal Virk, M.D. and James Heinrich, M.D. Gary Hunt appeared on behalf of Defendant Madera Community Hospital.

## **BACKGROUND**

The parties and the Court are familiar with the facts underlying this action. In the instant motion, Plaintiff seeks to strike the declaration of John S. Wachtel, Dr. Dhillon's sole expert, and exclude his testimony at trial. Dr. Dhillon filed her opposition on February 23, 2010, and Plaintiff filed her reply on March 5, 2010.

Pursuant to the September 10, 2009, Scheduling Conference Order, expert reports were due on December 11, 2009, rebuttal expert reports were due on January 8, 2010, and expert discovery closed on January 29, 2010.

Dr. Dhillon disclosed the Dr. Wachtel's expert report on December 10, 2009.

## DISCUSSION

A.   Legal Standard

Federal Rule of Civil Procedure 26(2)(B) requires that an expert report contain:

  (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
  (ii) the data or other information considered by the witness in forming them;
  (iii) any exhibits that will be used to summarize or support them;
  (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
  (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
  (vi) a statement of the compensation to be paid for the study and testimony in the case.

Rule 37(c)(1) provides that a party who fails to provide information required by Rule 26 "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."

The Ninth Circuit has explained that "even absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)."  Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir.2001) ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.").  The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1).  Id. at 1106; Silong v. U.S., 2007 WL 2712100, *3 (E.D.Cal. 2007).

B.   Analysis

Plaintiff's motion is based on her contention that Dr. Wachtel's report is insufficient under Rule 26(2)(B) for failing to (1) define the applicable standard of care; (2) explain what the applicable standard of care requires under *any* set of facts; (3) identify publications or risk factors identified in his statement that "none of the published risk factors" required Dr. Dhillon to treat Plaintiff for GBS; and (4) provide evidence for his conclusion that no action or inaction on the

part of Dr. Dhillon caused or contributed to the death of Plaintiff's son.  Plaintiff contends that these insufficiencies are especially significant because the central factual dispute between her and Dr. Dhillon revolves around the applicable standard of care.  Plaintiff believes that the insufficient report will prejudice her ability to rebut his opinion.

The Court has reviewed Dr. Wachtel's report and agrees that it is insufficient because it fails to fully set forth Dr. Wachtel's position.  The Court will not, however, take the especially harsh sanction of striking Dr. Dhillon's only expert.  First and most importantly, given the numerous other experts in this action, including Plaintiff's own expert, she is well-versed in the dispute over the applicable standard of care and related risk factors and cannot claim that she was somehow ambushed by Dr. Wachtel's report.  Moreover, Dr. Wachtel's report was produced over a month prior to the expert discovery deadline, meaning that Plaintiff could have resolved the ambiguities by either asking Dr. Dhillon to supplement the report or proceeding with Dr. Wachtel's deposition.  Instead, Plaintiff took Dr. Wachtel's deposition off calendar and chose to represent to the Court that they remained unaware of the disputes between the parties.

Second, there is a strong presumption in favor of resolving actions on the merits.  This presumption, along with the fact that it is not difficult to craft a solution that balances the prejudice to the parties, requires the Court to reject Plaintiff's request to the report.  As discussed at the hearing, Dr. Dhillon will be permitted to supplement Dr. Wachtel's report.[1]  If Plaintiff reviews the supplement and believes it to be insufficient, Plaintiff may move to depose Dr. Wachtel and the Court will consider shifting any associated costs.

Insofar as Plaintiff contends that this Court's decision in Silong v. U.S., 2007 WL 2712100 (E.D.Cal. 2007) does not permit supplementation, her argument is without merit.  The decision in Silong was made in the context of summary judgment and the Court's conclusion that the insufficient declaration could not be cured by supplementation was based, at least in part, on the prohibition of presenting new evidence in opposition to summary judgment.  The Court also noted that plaintiff presented the supplement "more than six months after expert disclosures were

---

[1] Dr. Dhillon filed a supplemental designation on March 15, 2010.

3

due, three months after depositions were taken, two months after discovery closed and a month after pretrial motions were filed." Silong, at *4.

The motion before this Court, however, pertains to Dr. Wachtel's testimony at trial and the factual circumstances allow for a fair and just solution to allow this action to proceed to a determination on the merits.

## ORDER

For the above reasons, Plaintiff's motion to strike Dr. Wachtel's expert report and preclude him from testifying at trial is DENIED. Dr. Dhillon has provided a supplemental designation and Plaintiff may move this Court for additional relief if necessary.

IT IS SO ORDERED.

Dated:    **March 16, 2010**              /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE