# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONDI VAN HORN,<br><br>                Plaintiff,<br><br>        v.<br><br>TINA HORNBEAK, et al.,<br><br>                Defendants. | 1:08cv1622 LJO DLB<br><br>ORDER GRANTING IN PART AND<br>DENYING IN PART DEFENDANT'S<br>MOTION TO COMPEL<br><br>(Document 238) |

Defendant James Heinrich, M.D. ("Defendant"), filed the instant motion to compel further production of documents on February 10, 2010. The motion was heard on March 12, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. Jesse Goodman and E. Daniel Robinson appeared on behalf of Plaintiff Dondi Van Horn ("Plaintiff"). Diana Esquivel appeared on behalf of Defendant. Richard Salinas appeared on behalf of Defendant Tina Dhillon, M.D. Gary Hunt appeared on behalf of Defendant Madera Community Hospital.

## **BACKGROUND**

The parties and the Court are familiar with the facts underlying this action. In the instant discovery dispute, Defendant moves to compel further production of documents.[1]

---

[1] The motion to compel also included Defendant Robin Dezember's motion to compel further responses to interrogatories, but the issue was resolved prior to the filing of the Joint Statement. Dezember has therefore withdrawn the motion as it relates to her discovery.

1

# DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.... The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

A. <u>Requests for Psychiatric Records- Numbers 7, 8, 10 and 11</u>

1. *Legal Standard*

Requests Numbers 7, 8, 10 and 11 seek production of mental health records from various providers. Plaintiff objects mainly on the basis of privilege.

Federal courts recognize a psychotherapist privilege. Jaffee v. Redmond, 518 U.S. 1, 12 (1996) (psychotherapist privilege serves the public interest by facilitating appropriate treatment). A plaintiff may waive the privilege if his/her claims put privileged information at issue. <u>See</u> Samaan v. Sauer, 2008 WL 214680, *2 (E.D.Cal. Jan. 24, 2008); <u>see</u> <u>also</u> Sarko v. Penn-Del Directory Co., 170 F.R.D. 127, 130 (E.D.Pa. 1997).

While there are different approaches to determining waiver of the psychotherapist privilege within the Ninth Circuit, this Court adheres to the middle ground approach. The Court will find a waiver when the plaintiff has done more than allege "garden variety" emotional distress, such as alleging a resulting psychiatric disorder or unusually severe emotional distress. <u>See</u> eg. Williams v. Troehler, 2010 WL 121104 (E.D.Cal. 2010) (finding no waiver after plaintiff withdrew claim for intentional infliction of emotional distress and any claim of actual psychiatric injury or aggravation of an existing mental health condition); Valentine v. First Advantage Saferent Inc., 2009 WL 3841967 (C.D.Cal. 2009) (finding no waiver under either the narrow approach or middle ground approach where plaintiff did not plead a cause of action for intentional or negligent infliction of emotional distress, did not allege a specific psychiatric injury or disorder or unusually severe emotional distress, and agreed that he would not testify that he sought or obtained psychological treatment and would not call his psychiatrist as a witness).

Here, Plaintiff argues that the type of distress alleged is "precisely the 'ordinary or commonplace' type of distress that anyone would expect to suffer upon the loss of an infant child." Joint Statement, at 11. She also contends that she has not alleged a claim for intentional infliction of emotional distress and does not claim exacerbation of any pre-existing psychiatric condition. As such, Plaintiff contends that her allegations amount to no more than garden variety emotional distress that should not constitute a waiver of the privilege.

Despite Plaintiff's characterization of her claims, she alleges "severe" emotional trauma as a direct result of Defendants' alleged actions. For example, in her Fourth Amended Complaint ("FAC"), Plaintiff alleges that as a result of Defendants' actions, she "suffers and continues to suffer severe emotional distress because of the loss of her child." FAC, ¶ 58. She further contends that Defendants, including Dr. Heinrich, have caused her "psychological injuries and severe emotional distress." FAC, ¶¶ 63, 69, 77.

Moreover, although Plaintiff believes that she has not alleged a specific psychiatric issue, she alleges that she has suffered "ongoing grief." Specifically, Plaintiff contends that since her baby's death, she "has had ongoing grief and post-traumatic counseling." FAC, ¶ 58. Plaintiff has therefore received mental health treatment for a specific psychiatric injury resulting from the incident at issue. Indeed, during her deposition, Plaintiff testified that prior to her child's death, she suffered from slight depression and anxiety and did not take any medication. After the death, however, she was diagnosed with posttraumatic stress disorder, bipolar disorder and depression and prescribed two medications. Deposition of Dondi Van Horn ("Van Horn Dep."), attached as Exhibit B to Declaration of Diana Esquivel ("Esquivel Dec."), at 207-208. Plaintiff also admitted at the hearing that she is not prepared to limit her allegations to simple grief.

Plaintiff has therefore waived the psychotherapist privilege for mental health records relating to the mental health treatment she received as a result of the death of her child.

2. *Specific Requests*

Request Number 7 seeks records relating to treatment or counseling Plaintiff received from Dr. Kim. The records relating to treatment received as a result of her child's death are relevant and therefore discoverable. Pursuant to the discussion at the hearing, Defendant shall

3

request the documents pursuant to a Rule 45 subpoena. The description of documents identified in the subpoena shall be limited to records relating to mental health treatment received as a result of her child's death. Defendant shall allow Plaintiff to examine the description of documents prior to issuing the subpoena.

Request Number 8 seeks records relating to treatment or counseling Plaintiff received from Inland Valley Recovery Services. The records relating to treatment received as a result of her child's death are relevant and therefore discoverable. Plaintiff stated that she had these records in her possession.

Request Number 10 seeks records relating to treatment or counseling Plaintiff received from Behavioral Health Clinic. Plaintiff has indicated that there are no such records and shall therefore provide a further response affirming that no responsive documents exist.

Request Number 11 seeks records relating to treatment or counseling Plaintiff received at Forever Free. Although Plaintiff received substance abuse counseling at Forever Free, it appears that she received at least some treatment resulting from the loss of her child as well. The records relating to treatment received as a result of her child's death are relevant and therefore discoverable. Plaintiff stated that she has these records in her possession.

B.  Documents Related to Investigations and Custody

1.  *Request Number 12*

Request Number 12 seeks documents relating to any involvement or response by Child Protective Services into allegations that Plaintiff gave her daughter, Brandi, a black eye. As she testified at her deposition and confirmed at the hearing, Plaintiff has no reason to believe that any investigation was performed. See also Declaration of Dondi Van Horn ("Van Horn Dec."), ¶ 3. Plaintiff shall provide a further response affirming that no responsive documents exist.

2.  *Request Number 13*

Request Number 13 seeks documents related to any monetary or financial support provided by Plaintiff to any of her children, whether in her custody or not, before December 2008. Defendant contends that the amount of support she provided to her other children is

4

relevant to show the extent and type of relationship she had with them, which would act as a 'yardstick' by which to measure the relationship she would have had with her deceased child.

Plaintiff contends that production for Number 13 is complete. She does not intend to introduce any documents to support her expert's testimony regarding familial support, other than documents already produced to Defendant. Plaintiff has no money order receipts or thank you letters acknowledging support. She has never taken any deductions on her taxes for money she sent to her mother or anyone else to help care for her children while she was in prison. Van Horn Dec., ¶ 5.

Accordingly, while Number 13 is vague and overbroad, Plaintiff has indicated that no responsive documents exist. Plaintiff shall provide a further response affirming that no responsive documents exist.

3. *Request Number 14*

Request Number 14 seeks documents "which show or evidence any person who had physical custody or care" of Plaintiff's children while she was incarcerated at any time before December 2008." During the meet and confer, Defendant's counsel indicated that the type of document sought includes documents about legal custody of Plaintiff's daughter, Desiree and any application for guardianship by Plaintiff's mother. Declaration of E. Daniel Robinson, ¶ 2(b). Narrowed this way, Plaintiff contends that the only documents she possesses are San Bernardino County Superior Court documents from 2007-2008 related to her youngest son, Raramuri, from In the Matter of Raramuri Cisneros, Court No. 0000214084.

At the hearing, Plaintiff stated that she was mistaken at her deposition when she stated that Desiree's father received custody through court proceedings. Plaintiff contends that Desiree was taken by her father "by force." Van Horn Dec., ¶ 6. Plaintiff shall therefore provided a further response with this explanation.

As to Raramuri, Defendant argues that his court records may contain information as to the relationship he had with Plaintiff, which in turn can be used to analyze the relationship Plaintiff may have had with her deceased son.

5

In objecting to this request, Plaintiff contends that she is unable to disseminate Raramuri's dependency court records pursuant to California Welfare and Institutions Code section 827. Section 827 governs the inspection and release of juvenile court records, and while it allows for parental inspection, it prohibits dissemination beyond those specifically authorized. Plaintiff further contends that this Court does not have jurisdiction to determine whether the records should be disclosed to Defendant, as such questions are in the exclusive jurisdiction of the state juvenile court. See In re Anthony H., 129 Cal.App.4th 495, 449-451 (2005).

This Court, however, is not bound by state law. The Ninth Circuit has specifically recognized that there may be instances where the district court can review records that are subject to section 827. In Gonzales v. Spencer, a juvenile brought a civil rights action against an attorney who accessed his juvenile court file without notification and authorization, in violation of section 827. The Court found that defendant was not an authorized source under section 827 to inspect the files and therefore required court permission. Gonzales v. Spencer, 336 F.3d 832, 834-835 (9th Cir. 2003). The Court recognized that state law required defendant to petition the juvenile court and "although the district court could have ordered disclosure notwithstanding state law, the file was still presumptively protected until it did." Id. at 835.

Similarly, in Maldonado v. Sec'y of Cal. Dept. of Corrections and Rehabilitation, this Court noted that courts have found that section 827 "could not purport to bind the federal courts," but recognized the important privacy issues behind section 827:

> . . .unless the state law was inconsistent with federal law on the subject, comity required that the state law be respected if at all possible given the needs of this case. Section 827 was not found to be inconsistent with federal law, and the court applied an analysis weighing the needs of the case versus the state interest in keeping the juvenile information confidential.

Maldonado v. Sec'y of Cal. Dept. of Corrections and Rehabilitation, 2007 WL 4249811, *5 (E.D. Cal. 2007). In the context of a motion to compel in a section 1983 action, the Court found that section 827 would not prevent disclosure "and informs the ultimate determination of the federal privilege." Id.

This Court, then, can undertake an analysis under federal privilege law, guided by section 827. The statute evidences the general policy of favoring confidentiality of juvenile records,

intended to protect the privacy rights of the child at issue. R.S. v. Superior Court, 172 Cal.App.4th 1049, 1054 (2009). In determining whether to authorize inspection of juvenile files,

> . . .the court must balance the interests of the child and other parties to the juvenile court proceedings, the interests of the petitioner, and the interests of the public. If the court grants the petition, the court must find that the need for discovery outweighs the policy considerations favoring confidentiality of juvenile case files. The confidentiality of juvenile case files is intended to protect the privacy rights of the child. The court may permit disclosure of juvenile case files only insofar as is necessary, and only if petitioner shows by a preponderance of the evidence that the records requested are necessary and have substantial relevance to the legitimate need of the petitioner."

Id.

Here, the records at issue are those of Plaintiff's youngest child, Raramuri, who was born on May 28, 2006. Van Horn Dep., at 34. According to the privilege log, the records concern custody issues and are dated from April 2007 through June 2009, when a final Custody Order was issued. Exhibit D, attached to Esquivel Dec. The records therefore cover a period during which Raramuri was less than three years old. Given the nature of the proceedings and Raramuri's age, the documents are unlikely to contain any confidential information of the type the statute seeks to protect.

In fact, any confidential information is most likely related to Plaintiff and Raramuri's father, and section 827 is wholly irrelevant to their privacy interests. Moreover, much of Plaintiff's criminal record and drug use has already been disclosed in this litigation.

As to relevance, Raramuri is Plaintiff's youngest child, born approximately 15 months prior to Plaintiff's deceased child. Plaintiff's relationship with Raramuri is therefore the most relevant to examining what her relationship may have been with her son, had he survived. Therefore, the information will likely be significantly relevant to damages for both Plaintiff and Defendant.

The Court therefore finds that Raramuri's dependency court records are discoverable and should be disclosed. The disclosure, however, is subject to the protective order and certainly does not translate into a finding of admissibility.

**ORDER**

Based on the above, Defendant's order is GRANTED IN PART and DENIED IN PART. Plaintiff has documents in her possession for Request Numbers 8, 11 and 14, and shall produce responsive documents within ten (10) days of the date of service of this order. Defendant will issue a Rule 45 subpoena to obtain documents responsive to Request Number 7, pursuant to the requirements set forth above. Defendant's motion as to Request Numbers 10, 12 and 13 is denied with the understanding that Plaintiff will provide a supplemental response affirming that no responsive documents exist.

IT IS SO ORDERED.

Dated:   **March 17, 2010**                  **/s/ Dennis L. Beck**
                                                                         UNITED STATES MAGISTRATE JUDGE