IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONDI VAN HORN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>TINA HORNBEAK, et al,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. CV F 08-1622 LJO DLB<br><br>**ORDER ON DEFENDANT SIDDIQI'S APPLICATION TO SHORTEN TIME AND MOTION TO DISMISS** (Doc. 316, 318, 320) |

This Court has received and reviewed defendant Naeem Siddiqi's application to shorten time to bring two motions: (1) amend the scheduling order to extend time to bring a motion to dismiss, and (2) motion to dismiss for lack of jurisdiction. (Doc. 318 and 320.) The motion to dismiss is based this Court's grant of the various Summary Judgment motions which eliminated any federal question claims before the Court. Defendant contends the Court should remand the case to State Court in the interest of judicial economy, convenience, fairness and comity.

This Court DENIES the application to shorten time, but moves to the merits of the motion to dismiss. The Court DENIES the motion to dismiss and exercises its discretion to retain jurisdiction.

Ordinarily, if all claims over which a district court has original jurisdiction have been dismissed before trial in a removed action, the remaining state-law claims should be remanded to state court. *See Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir.1997) (en banc). *Acri* holds that although the district court "may," under section 1367(c), decline to exercise its supplemental jurisdiction in these

circumstances, and ordinarily "should" dismiss the state law claims under *United Mine Workers v. Gibbs*, that "has never meant that they must be dismissed." *Acri*, 114 F.3d at 1000 (citing *United States v. United Mine Workers of America*, 330 U.S. 258, 291, 67 S.Ct. 677, 695 (1947). A court is not compelled to remand a case in which federal question jurisdiction existed if the federal claim is later dismissed. *See Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th Cir. 2003) (court had discretion to exercise supplemental jurisdiction over state law claims after federal claim dismissed (unless dismissal was for lack of subject matter jurisdiction)), *cert. denied*, 541 U.S. 1041 (2004).

Here, the Court exercises its discretion to retain jurisdiction. The parties have fought long and hard in this Court. As can be seen from review of this Court's docket, the parties have engaged in extensive law and motion and other litigation related activities. As a result, this Court is familiar with the claims, the facts and the parties. Indeed, the state law claims arise from the same nucleus of operative facts that this Court has repeatedly considered and ruled upon over the course of this litigation. Further, the case is two weeks from the pretrial conference and six weeks from trial. Thus, judicial economy and fairness do not warrant remanding at this late date. Finally, contrary to defendant's argument, this Court is capable of applying state law, such as the Medical Injury Compensation Reform Act, should relevant law be brought to this Court's attention.

IT IS SO ORDERED.

**Dated:   April 29, 2010**                              /s/ Lawrence J. O'Neill
                                                                  UNITED STATES DISTRICT JUDGE