IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONDI VAN HORN, | CASE NO. CV F 08-1622 LJO DLB |
| Plaintiff, | **ORDER MOTIONS IN LIMINE** |
| vs. | |
| v.<br>JAMES HEINRICH, MADERA COMMUNITY HOSPITAL, TINA DHILLON, NAEEM SIDDIQI, | |
| Defendants.<br>_____ / | |

The Court has read and reviewed the motions in limine, including the supporting documents, filed by plaintiff Dondi Van Horn and by defendants James Heinrich and Tina Dhillon. The Court also reviewed each of the party's oppositions. The Court found that the motions had been adequately briefed and the issues and law fully explained by the parties. The Court asked for further briefing one motion in limine filed by plaintiff. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

**Plaintiff's Motions in Limine**

**1.  Motion to Exclude Certain Exhibits and Discovery Documents Offered by Defendants Madera Community Hospital and Dr. Siddiqi for Failure to Follow L.R. 281** (Doc. 375)

The motion is DENIED as moot because these parties have settled their dispute and filed a notice of settlement.

1

**2.      Motion in Limine to Exclude Certain Character Evidence** (Doc. 376)

Plaintiff seeks to exclude four categories of evidence:

1. Exclude prior convictions that occurred more than ten years ago - FRE 609(b) - three convictions fall outside the ten year time limit (forgery in 1988), (car theft in 1989), petty theft in 1997.
2. Exclude evidence of past conduct that did not result in a criminal conviction - FRE 608 - defendants rely on probation reports and state court dependency records that recount past conduct.
3. Exclude past conviction and conduct occurring prior to the 2007 conviction.
4. Preclude speculation at trial that Ms. Van Horn is likely to be incarcerated again.

**Order:** In light of the ruling concerning the economist, Robert Johnson, this motion is GRANTED in part and DENIED in part. The defense may inquire of the plaintiff about the conviction for which she was incarcerated at the time of the death of the child. The defense may also inquire about drug addition issues (use, treatment, convictions and/or parole or probation violations) in the last five years. All other evidence that is the subject of this motion is GRANTED under FRE Rule 403 due to the age of the convictions.

**3.      Motion to Exclude Records and Testimony From Dr. Gyu Kim** (Doc. 374)

**Order:** Plaintiff's motion to exclude the records and testimony of Dr. Kim has validity and is GRANTED. The records were not obtained by Defendant Heinrich in a timely fashion pursuant to the procedures outlined in FRCP Rule 45, and because of the absence of the required diligence, neither the witness nor the records were identified or produced in a timely fashion. The defendant had eight months from the time of the mention and notice of the existence of Dr. Kim and potential records to the time of disclosure, with no valid explanation for the delay. The plaintiff is prejudiced by the delay, and the disclosure until after discovery had been precluded. There was no violation by the Plaintiff of FRCP Rule 26(a). Pursuant to FRCP 37(c), preclusion is the appropriate remedy.

/////

/////

**Defendant Heinrich's Motions in Limine**

**1.    Motion to exclude photographs and X-rays of the baby**

**Order:** The photographs of the baby are neither being submitted for, nor relevant to, the issue of the standard of care or cause of death.  They are being submitted on the relevant issue of emotional injury to the plaintiff.  Admission of the photographs and/or x-rays is a FRE 403 issue.  In weighing and balancing, plaintiff may use of one the photographs, which does not depict the baby with medical tubes, for the purposes stated.  The motion to exclude the x-rays is GRANTED.

**2.    Motion to exclude testimony of plaintiff's expert Robert Johnson**

**Order:**  The proposed testimony is speculation, as argued by defendant.  Plaintiff argues that "without the assistance of an expert, the jury would be left to guess how much money Rayanari would have had available to contribute to his mother." (Doc.383, Opposition p.3:10-12.) The Court finds that even with the assistance of an expert, the expert guessed and the jury also would be left to guess.  This Court's gatekeeping function requires the Court to consider whether the proposed scientific evidence is reliable based on the expert's principles and methodology, which must be grounded in the methods of science. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-595, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) ("The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate.").  Here, as argued by the defendant, the expert's opinions are based upon speculative assumptions and unsupported by facts in the case. The motion is GRANTED.

**3.    Motion to exclude evidence of medical bills from Children's Hospital**

**Order:** Unless the plaintiff has a scintilla of evidence that the plaintiff has ever been billed, or will ever be billed for any medical expenses (something more than was provided in the opposition), the motion is GRANTED.

**4.    Motion to exclude evidence of overcrowding and receivership**

**Order:** For the reasons stated in defendant's moving papers and on FRE 403 grounds, the motion is GRANTED.

**5.    Motion to exclude evidence of possible indemnification of Heinrich**

**Order:** Plaintiff did not oppose this motion.  The motion is GRANTED.

/////

**Defendant Dhillon's Motions in Limine**

**1.     Motion to exclude a letter to Dhillon from Naeem Siddiqi** (Doc. 353)

**Order:** If the plaintiff designated Dr. Siddiqi as an expert, the motion is DENIED; if not, the motion is GRANTED.

**2.     Motion to preclude references during trial to the $250,000 limit on non economic damages**

**Order:** The issue is one of law and the motion is GRANTED. Should the jury award more than $250,000, the remedy is a post-trial motion. If the plaintiff requests it, the first sentence of CACI 3905A will be excluded.

**3.     Motion to exclude photographs if Rayanai Cisneros** (Doc. 358)

**Order:** The Court adopts the ruling as stated in defendant Heinrich's motion in limine #1.

**4.     Motion to preclude reference to defendant's liability insurance**

**Order:** Plaintiff did not oppose this motion. The motion is GRANTED.

**5.     Motion to preclude reference to any other medical malpractice actions involving Tina Dhillon** (Doc. 362)

**Order:** Plaintiff did not oppose this motion. The motion is GRANTED.

**6.     Motion to preclude reference to evidence protected from disclosure pursuant to Cal. Evid. Code 1157** (Doc. 364)

**Order:** The motion is DENIED for an absence of specificity on which documents are being sought to be precluded.

**7.     Motion to preclude expert testimony regarding speculative damages** (Doc. 373)

**Order:** The Court adopts the ruling as stated in defendant Heinrich's motion in limine #2.

**8.     Joinder by Defendant Dhillon in other parties' motions in limine**

**Order:** The motion for joinder is untimely and therefore will not be addressed by the Court.

IT IS SO ORDERED.

**Dated:**   June 10, 2010                          /s/ Lawrence J. O'Neill
                                                            UNITED STATES DISTRICT JUDGE