IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONDI VAN HORN | CASE NO. 08-CV-01622 LJO DLB |
| Plaintiff, | **ORDER ON MOTION TO REVIEW CLERK'S BILL OF COSTS** |
| vs. | |
| TINA DHILLON | |
| Defendant. | |

On November 29, 2010, plaintiff Dondi Van Horn ("plaintiff") filed a motion seeking the Court's review of the Clerk's Bill of Costs. (Doc. 465.) Defendant Tina Dhillon ("defendant") filed an opposition to plaintiff's motion on December 16, 2010. (Doc. 467.) On December 23, 2010, plaintiff filed a reply. (Doc. 469.) Pursuant to Local Rule 230(g), this matter was submitted on the pleadings without oral argument and the hearing vacated. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

**FACTUAL AND PROCEDURAL OVERVIEW**

This action involved a medical malpractice claim that arose from the death of a baby born to plaintiff while she was incarcerated at Valley State Prison for Women. Plaintiff initially sought relief from eleven separate defendants on grounds of deliberate indifference to a serious medical need, medical malpractice, wrongful death, and intentional and negligent infliction of emotional distress. After a series of pretrial motions and a settlement, only the medical malpractice claim against defendant remained.

This Court retained jurisdiction of the medical malpractice claim in the interests of judicial economy. A trial was conducted before a jury which returned a verdict in defendant's favor. Thereafter, the Court entered judgment in favor of defendant.

**A.    Defendant's Bill of Costs**

On July 16, 2010, defendant filed a bill of costs seeking a total of $75,140.85.  (Doc. 453.) Initially, defendant sought costs as follows:

| | |
|---|---:|
| Fees of the Clerk | $ 350.00 |
| Fees for service of summons and subpoena | $ 385.00 |
| Fees for printed or electronically recorded transcripts | $ 10,517.87 |
| Fees and disbursements for printing | $ 480.80 |
| Fees for witnesses | $ 236.35 |
| Other costs | $ 63,170.83 |
| Total costs | 75,140.85 |

On July 23, 2010, plaintiff objected to defendant's bill of costs on grounds that it sought impermissible expert witness fees and expenses, as well as attorneys' fees related to depositions under "other costs." (Doc. 454.) Plaintiff further objected that the remainder of defendant's costs should not be awarded due to plaintiff's limited financial resources, the great financial disparity between plaintiff and defendant's insurer, the close and difficult nature of plaintiff's claims, and plaintiff's good faith in bringing those claims.  On July 30, 2010, defendant filed a response to plaintiff's objections arguing that this court should allow all of defendant's cited costs, including expert fees, to be taxed under Cal. Civ. Proc. Code §998.  Defendant further argued that plaintiff had sufficient means to pay the costs due to a settlement with a former defendant, Dr. Heinrich. (Doc. 457.) Plaintiff replied on August 3, 2010. (Doc. 459.) On November 18, 2010, the clerk taxed costs in favor of defendant as follows (Doc. 463):

| | |
|---|---:|
| Fees of the Clerk | $ 350.00 |
| Fees for Service of summons and subpoena | $ 385.00 |
| Fees for printed or electronically recorded transcripts | $ 10,517.87 |
| Fees and disbursements for printing | $ 480.80 |
| Fees for witnesses | $ 390.22 |

| | |
|---|---:|
| Other costs | $ 0 |
| Total costs | 12,123.89 |

Subsequently, on November 29, 2010, plaintiff filed the instant motion seeking a review of the Clerk's bill of costs. In her moving papers, plaintiff raises the same issues which she initially raised in objection to defendant's bill of costs. Similarly, in opposition, defendant presents the same arguments that were raised in response to plaintiff's initial objections.

## ANALYSIS

Fed. R. Civ. P. 54(d)(1) states:

> "Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party. . ."

The types of costs that may be awarded under Rule 54(d) are limited to those enumerated in 28 U.S.C. §1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–442 (1987). In pertinent part, 28 U.S.C. §1920 states:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case
>
> . . .

District courts have "wide discretion" in determining whether and to what extent prevailing parties may be awarded costs pursuant to Rule 54(d). *K-S-H Plastics, Inc. v. Carolite, Inc.*, 408 F.2d 54, 60 (9th Cir. 1969). Furthermore, a district court reviews a Clerk's determination of costs *de novo* and is not bound by the record nor required to show any deference to the Clerk's conclusions. *See Sea Coast Foods, Inc. v. Lu-Mar Lobster and Shrimp, Inc.*, 260 F.3d 1054, 1058 (9th Cir. 2001); *See also In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 461-62 (3rd Cir. 2000) (*de novo* review approved).

**A.    Plaintiff's Motion to Deny Costs**

Plaintiff argues that the Court should exercise its discretion and deny all costs based upon the

1  plaintiff's limited financial resources, the great financial disparity between the parties, the close and
2  difficult nature of plaintiff's claims, and the fact that plaintiff has litigated against defendant in good
3  faith.

4  Fed. R. Civ. P. 54(d)(1) "establishes that costs are to be awarded as a matter of course in the
5  ordinary case." *Assoc. of Mexican–American Educators v. State of Cal.*, 231 F.3d 572, 593 (9th Cir.
6  2000) (en banc). While the rule thus creates a strong presumption in favor of awarding costs to a
7  prevailing party, it also vests in the district court the discretion to refuse to award costs. *Id* at 591.
8  However, "this discretion is not unlimited. A district court must 'specify reasons' for its refusal to award
9  costs." *Assoc. of Mexican-American Educators,* 231 F.3d at 592 (quoting *Subscription Television, Inc.*
10 *v. S. Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978)). The reasons specified must
11 "explain why a case is not ordinary and why, in the circumstances, it would be inappropriate or
12 inequitable to award costs." *Id.* at 593 (internal quotation marks omitted). The losing party bears the
13 burden of providing such reasons to the court. *See, e.g.*, *Mansourian v. Bd. of Regents of the Univ. Of*
14 *Cal. at Davis*, 566 F.Supp.2d 1168, 1171 (E.D. Cal. 2008).

15 The Ninth Circuit has approved the following reasons for refusing to award costs to a prevailing
16 party: (1) the losing party's limited financial resources; (2) misconduct on the part of the prevailing
17 party; (3) the chilling effect of imposing such high costs on future civil rights litigants; (4) whether the
18 issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or
19 partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark
20 issue of national importance. *Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888-89 (9th Cir. 2010)
21 (citing *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003));
22 *Assoc. of Mexican-American Educators,* 231 F.3d at 592 (citing similar factors). However, the Ninth
23 Circuit also noted that it was "not attempting to create an exhaustive list of 'good reasons' for declining
24 costs." *Assoc. of Mexican-American Educators,* 231 F.3d at 593.

25 While a district court must specify reasons for refusing to tax costs to the losing party, a district
26 court does not need to specify reasons for abiding by the presumption to award costs. *Save Our Valley*
27 *v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). Generally, a "district court need not give
28 affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are

4

not sufficiently persuasive to overcome the presumption in favor of an award. The presumption itself provides all the reason a court needs for awarding costs." *Id*[1]

### 1. Plaintiff's Limited Financial Resources

Plaintiff argues that this Court should deny all costs because of plaintiff's limited financial resources.

"There are no hard and fast rules for assessing a losing party's indigency or inability to pay; district courts should use their common sense in making this determination." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 463-64 (3rd Cir. 2000). However, limited financial resources of a level sufficient to deny an award of costs can be inferred from the economic circumstances of the plaintiff. *See, e.g.*, *Mansourian*, 566 F.Supp.2d at 1171. Furthermore, "[i]t is not necessary to find that the plaintiffs in question are currently indigent; rather, the proper inquiry is whether an award of costs might make them so." *Rivera v. Nibco*, 701 F.Supp.2d 1135, 1143 (E.D. Cal. 2008) (citing *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079-80 (9th Cir. 1999)).

Plaintiff contends that she is an hourly wage earner who lives paycheck to paycheck, and that, while she earns approximately $1,000 per month when fully employed, she pays $780 for rent, approximately $150 for utilities, and approximately $200-300 for groceries and other bills. Doc. 465, Pl.'s Memo. 3:16-18. She further states that she currently has no cash flow due to sporadic employment and no assets beyond small personal items. *Id.* at 3:19-23.

Defendant argues plaintiff is not indigent because she settled with Dr. Heinrich. Defendant states an understanding that plaintiff's settlement with Dr. Heinrich was in excess of $100,000. Doc. 467, Def.'s Opp. 5:18-20. Defendant offers a declaration supporting her understanding that plaintiff settled with Dr. Heinrich for such a sum. Doc. 468, Corey Decl. ¶ 9. Plaintiff offers no contrary evidence to rebut that amount.

---

[1] However, in civil rights cases, a court abuses its discretion when it awards costs against a losing plaintiff without considering the plaintiff's limited financial resources or " the chilling effect of imposing such high costs on future civil rights litigants." *Assoc. of Mexican-American Educators,* 231 F.3d at 593 (quoting *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079-80 (9th Cir. 1999)). Here, plaintiff's claim against defendant does not involve a civil rights claim; therefore, the Court is not required to consider either of these factors. Nonetheless, because plaintiff raises the issue of limited financial resources, the Court discusses it *infra*.

5

Whether plaintiff may have limited financial resources therefore is unpersuasive as a reason to deny costs because, irrespective of her indigence, plaintiff has the financial resources to pay an award of costs from the sum she received as part of Dr. Heinrich's settlement. Whether plaintiff would ordinarily be able to pay such an award given her income and expenses is irrelevant to this analysis. Ultimately, an award of costs can be paid from the settlement amount without worsening plaintiff's existing economic circumstances.

### 2.  Financial Disparity Between the Parties

Plaintiff argues that this Court should deny all costs because of the financial disparity between the parties.[2] Plaintiff contends that defendant's insurer, Norcal Mutual Insurance Company, is the real party in interest with regard to the issue of costs, and that the financial disparity between plaintiff, given plaintiff's aforementioned economic circumstances, and defendant's insurer is so great as to merit a denial of costs. To support this argument plaintiff states that, according to Norcal Insurance's 2009 annual report, Norcal had $1.16 billion in admitted assets and a $506 million policyholders' surplus. Doc. 465 at 4:10-12.

Accepting plaintiff's proposition that defendant's insurer is the real party in interest, without evaluating it, the Court rejects the argument that the financial disparity between plaintiff and defendant's insurer merits a denial of costs. While the Court recognizes a financial disparity between plaintiff and defendant's insurer, plaintiff's argument is nonetheless unpersuasive because plaintiff, represented on a pro bono basis by a team of multiple litigators, was able to impose high costs on defendant, some recoverable and some not, without incurring any costs herself.[3] Other district courts have similarly determined that "to allow plaintiffs to file cases without the risk of bearing the costs of an unsuccessful action would create an inequity in favor of filing plaintiffs and an inefficiency in the courts." *Rosa v. City of Seaside*, 2010 U.S. Dist. LEXIS 33015, at *8-9 (N.D. Cal. 2010); *Duvigneaud v. Garcia*, 2007

---

[2] While financial disparity between the parties was not among the above mentioned reasons previously approved by the Ninth Circuit, financial disparity was among the reasons proffered by the district court in *Association of Mexican–American Educators v. State of California*. The Ninth Circuit found that "the reasons that the district court gave for refusing to award costs in this case were appropriate under Rule 54(d)(1). . . ." *Assoc. of Mexican-American Educators,* 231 F.3d at 593. This factor has not typically been cited as an approved reason in subsequent Ninth Circuit cases.

[3] Doc. 455, Chernin Decl. ¶ 5; Doc. 468 at ¶¶ 7-8.

6

U.S. Dist. LEXIS 49008, at *3-4 (S.D. Cal. 2007).[4] Furthermore, this Court notes that such a financial disparity almost always exists between individual plaintiffs litigating against other insured individuals or large defendants such as corporations or governments. While the Court acknowledges that the presumption of Rule 54(d)(1) may sometimes be overcome by the presence of these types of defendants, the Court also recognizes that the bulk of Ninth Circuit cases where costs are denied to such defendants when they prevail are cases concerned with civil rights issues or the application of other important federal statutes. Therefore, the mere fact that a financial disparity exists between plaintiff and defendant's insurer is not sufficiently persuasive to merit a denial of costs.

### 3.  Close and Difficult Claims

Plaintiff argues that this Court should deny an award of costs because the claims litigated by plaintiff against defendant were close and difficult. Plaintiff contends that the close and difficult nature of the claims is evidenced by the fact that this Court denied both parties' motions for summary judgment, by the fact that the case turned on expert testimony, and by the fact that after hearing approximately ten hours of testimony, the jury deliberated for approximately four hours before reaching a verdict. Doc. 465 at 4:19-23; Doc. 469, Pl.'s Reply 4:6-9.

This reason for denying costs is unpersuasive because the arguments offered by plaintiff do not necessarily support the position that the claims were close and difficult. The arguments plaintiff presents intending to underscore the close and difficult nature of the claims can often support an inference that the claims were not close and difficult as easily as they can support the conclusion that they were. For example, while this Court denied both parties' motions for summary judgment, the denial orders were not made as a result of the close or difficult nature of the claims involved. The orders, approximately ten pages each, denied summary judgment simply because this Court found the existence of triable issues of fact. The mere fact that triable issues were found to exist does not bear on whether those issues were close or difficult.

Furthermore, litigation of this action requiring expert testimony does not necessarily support an inference that the claims were close and difficult. Nearly all medical malpractice cases require expert

---

[4] *See also Assoc. of Mexican–American Educators v. State of Cal.*, 231 F.3d at 599-600 (Fernandez, Rymer, O'Scannlain, and Kleinfield dissenting).

7

testimony. *See generally Johnson v. Superior Court*, 143 Cal.App.4th 297, 305 (2006). The presence of an expert may support an inference that the claim was outside the average experience of a lay person, but it does not necessarily support an inference that it was therefore close or difficult to decide.

Finally, plaintiff's argument that the jury deliberated for approximately four hours after hearing only ten hours of testimony is fairly re-cast by defendant as illustrating that it took an eight person jury a mere four hours to reach a verdict after four days of trial. Doc. 467 at 6:14-15. Thus, the time spent deliberating relative to the time spent hearing testimony is similarly unpersuasive as grounds for finding the claims close and difficult. As such, plaintiff ultimately fails to produce moving arguments as to why the claims litigated were close and difficult.

**4.     Good Faith**

Plaintiff argues that the Court should deny an award of costs because plaintiff brought her claim in good faith. Plaintiff states that she has litigated against defendant in good faith at every turn of this litigation, and that her primary motive in bringing the claim "has always been, and continues to be, to ensure that what happened to her baby will not happen to another child, particularly one born to a mother incarcerated at Valley State Prison for Women." Doc. 465 at 5:2-5.

Plaintiff's final argument for denying costs is unpersuasive because plaintiff was at all times legally and ethically obligated to act in good faith. Both the Federal Rules of Civil Procedure and the Model Rules of Professional Conduct require all parties to a federal action to act in good faith and with proper purpose. *See, e.g.*, Fed.R.Civ.P 11; Model Rules of Prof'l Conduct R. 3.1 (2010). Therefore, to deny costs on grounds of good faith alone would render Rule 54(d) meaningless in every situation where the unsuccessful party acted in accordance with the law and its ethical obligations. "If the awarding of costs could be thwarted every time the unsuccessful party is a normal, average party and not a knave, Rule 54(d) would have little substance remaining." *Popeil Bros., Inc. v. Schick Elec., Inc.*, 516 F.2d 772, 776 (7th Cir. 1975). For these reasons, the Court will award costs. Plaintiff's motion to deny costs will be denied.

**B.     Defendant's Expert Fees and Expenses**

Defendant argues that this Court has the authority to order an award of costs that includes defendant's expert witness fees and expenses. She contends that while the Court may have no such

authority under federal law, the Court should follow *Clausen v. M/V New Carissa*, 339 F.3d 1049 (9th Cir. 2003) and apply California law in determining allowable costs. In particular, defendant argues that the Court should apply Cal. Civ. Pro. Code §998 to augment costs following a rejection of an offer to allow judgment.[5] Defendant argues that the case involved a single state law claim and that therefore state law should apply.

The Court finds that, in this case, it is bound to apply federal procedural law in determining allowable costs. When determining state law issues, a district court must apply substantive state law. Even when applying substantive state law, a district court must abide by federal procedural law. *See Hanna v. Plumer*, 380 U.S. 460, 464-65 (1965). This "state substance/federal procedure distinction applies in any case in federal court where . . . state law provides the basis of decision." *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1064 n.5 (9th Cir. 2003).

In *Aceves v. Allstate,* 68 F.3d 1160 (9th Cir. 1995), an insurance bad faith case heard in federal court under diversity jurisdiction, the relevant issue was whether state or federal procedural law controlled the reimbursement of expert witness fees. The Court held that reimbursement of expert witness fees is an issue of trial procedure, and that, as such, the relevant federal procedural rules should apply regardless of the application of substantive state law. *Aceves v. Allstate Ins. Co.*, 68 F.3d at 1167-68. The Court ultimately ruled that, "[f]ederal law should control the reimbursement of expert witnesses in federal courts . . ." because the reimbursement of expert witnesses is a procedural issue. *Id.* at 1168.

*Aceves* therefore provides the Court with clear and binding precedent. Nonetheless, defendant argues that this Court should follow *Clausen*, a subsequent Ninth Circuit decision. Defendant argues that the Court in *Clausen* applied state procedural law under circumstances similar to those in *Aceves* and in doing so allowed the plaintiffs to recover expert witness fees. However, the Court stated in *Clausen*:

> "In *Aceves*, the 'choice of law issue [was] between state and federal *expert witness cost provisions*.' 68 F.3d at 1168 (emphasis added). In other words, we faced a choice between a state rule of procedure and a federal rule of procedure. *See id.* at 1167

---

[5] Defendant made an offer to allow judgment pursuant to Cal. Civ. Pro. Code §998 on June 16, 2009. Doc. 458-1, Offer to Compromise to Plaintiff Dondi Van Horn. The offer was for a waiver of costs, without entry of judgment, in exchange for a dismissal of the action with prejudice. By virtue of the jury verdict in favor of defendant, plaintiff failed to recover a more favorable judgment.

9

("reimbursement of expert witness fees is an issue of trial procedure"). In the present case, however, we are presented with a choice between a federal cost provision, and a state *damages provision* that permits prevailing plaintiffs under the Oil Spill Act to recover "costs of any kind" as *one element of its compensatory damages.*"

*Clausen*, 339 F.3d at 1064 (emphasis in original). In *Clausen*, the Court applied the substantive state statute to award expert fees. *Clausen*, 339 F.3d at 1064.

Here, the holding in *Clausen* is inapplicable. Like in *Aceves*, the award of expert fees is purely procedural. Defendant is asking the Court to choose Cal. Civ. Pro. Code §998 over the applicable federal provisions of 28 U.S.C. §§1821 and 1920 which enumerate recoverable costs. Unlike *Clausen*, however, there is no substantive state statute that permits recovery of the costs sought by defendant. As such, because the choice is purely between state and federal procedure, this Court must apply federal procedural law.

Federal procedural law prohibits awarding defendant's expert witness expenses and fees. Witness fees under Rule 54(d) and 28 U.S.C. §1920 are limited by 28 U.S.C. §1821 to a $40 per diem attendance fee plus mileage and subsistence. *Crawford Fitting Co.,* 482 U.S. at 441-45. "A federal court may not exceed this limit without explicit statutory or contractual authorization." *Aceves v. Allstate Ins. Co.*, 68 F.3d at 1167. Expert witness fees are not stated in the rule or statutes. Because this Court must apply federal procedural law and because that law limits the Court's authority to award costs related to expert witnesses, this Court does not have the authority to award defendant's expert witness expenses and fees.

### Conclusion

For the foregoing reasons, the Court orders as follows:

1. Plaintiffs' motion for the Court to exercise discretion and deny costs is DENIED.
2. Defendant's request for an award of costs including expert witness expenses and fees is DENIED.
3. The clerk's Taxation of Costs is affirmed.

IT IS SO ORDERED.

Dated:   **January 10, 2011**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE